# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

**CYNTHIA GUERRERO**

    Plaintiff,

v.

**TRACEY MARTINEZ and MIDWEST EXPRESS, INC.**

    Defendants

## NOTICE OF REMOVAL

Defendants **Tracey Martinez** and **Midwest Express, Inc.** ("Defendants") by their undersigned attorneys, submit this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support thereof, Defendants state as follows:

### INTRODUCTION

1. On September 7, 2022, Plaintiff Cynthia Guerrero ("Plaintiff") filed a Complaint in the District Court for Denver County, Colorado commencing a state court action. (Exhibit A, State Court Complaint.)

2. The Complaint alleges damages arising out of an accident involving two commercial vehicles on November 14, 2020, between Plaintiff and Mr. Martinez while Mr. Martinez was allegedly in the course and scope of his employment with Midwest Express, Inc. (Ex. A, ¶¶ 1, 12.) Plaintiff alleges to have suffered severe and permanent bodily injuries to her head, neck, back, shoulder, chest, and body generally. (Ex. A, ¶ 32.)

3. Plaintiff asserts a claim of negligence against Mr. Martinez and a claim of negligence against Midwest Express, Inc. (Ex. A, First and Second Claims for Relief.)

4. Plaintiff seeks economic damages of past and future medical expenses, property damage, loss of past earnings, and loss of earning capacity. (Ex. A, ¶ 33.) Plaintiff also seeks non-economic damages of past physical pain and suffering, future physical pain and suffering, past physical impairment, future physical impairment, mental anguish, fear of future disease/condition, and disfigurement. (Ex. A, ¶ 33.)

5. Plaintiff has filed a District Court Civil Cover Sheet which indicates he is seeking monetary judgment in excess of $100,000. (Exhibit B, Civil Cover Sheet.)

6. Moreover, before the initiation of this lawsuit, Plaintiff through her retained counsel provided a settlement demand letter on June 13, 2022, wherein she demanded $1,000,000. (Exhibit C, June 13, 2022 Settlement Demand Letter.)

7. Plaintiff served the Complaint on Midwest Express, Inc. at 13680 Baston Street, Brighton, Colorado 80602 on September 12, 2022. (Exhibit D, Affidavit of Service.)

8. Plaintiff served the Complaint on Tracey Martinez's son-in-law at 11759 Jasper Street, Commerce City, Colorado 80022 on September 12, 2022. (Exhibit E, Affidavit of Service.)

**GROUNDS FOR REMOVAL**

9. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

10. Under 28 U.S.C. § 1332(a)(1), the district courts have original jurisdiction as to "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States … ."

11. Removal is accomplished by filing a notice of removal stating the grounds for removal, together with a copy of all papers and orders served on the defendant, which must be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based. 28 U.S.C. § 1446(a), (b)(1).

12. In this case, removal is proper because this is a civil action in which there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. As such, this court has original jurisdiction pursuant to 28 U.S.C. § 1332. Defendant has further complied with the requirements of 28 U.S.C. § 1446.

### *Complete Diversity Between the Parties*

13. There is complete diversity between the parties in this action, as all parties to this action are citizens of different states.

14. Plaintiff is a citizen of and domiciled[1] in the State of Texas, as demonstrated by Plaintiff in her Complaint stating that she resides in San Antonio, Bexar County, Texas. (Exhibit A, ¶ 9); and Plaintiff is actively registered to vote in Texas (Exhibit F, Voter Record); and

---

[1] *See State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("[T]he place of residence is *prima facie* the domicile."); *Walden v. Broce Construction Co.,* 357 F.2d 242, 245 (10th Cir. 1966); *Kelleam v. Md. Cas. Co.*, 112 F.2d 940, 943 (10th Cir. 1940), *rev'd on other grounds*, 312 U.S. 377 (1941) ("Proof that a person is a resident of a state is prima facie evidence that he is a citizen thereof.")

Plaintiff's voter registration lists her residential address as 5434 Hillburn Drive, San Antonio, Bexar County, Texas. (Ex. F.)

15.     Defendant Midwest Express, Inc. is a citizen[2] of the State of Colorado, as it is incorporated and organized under the laws of the State of Colorado and has its principal place of business at 5140 Race Ct., Unit #4, Denver, Colorado 802216. (Exhibit G, Midwest Express Inc. Colorado Secretary of State Records.) Furthermore, Plaintiff in her Complaint alleges Midwest Express, Inc. is a domestic corporation, doing business in the State of Colorado. (Ex. A, ¶ 11.) *See* 28 U.S.C. § 1332(c)(1).

16.     Finally, Mr. Martinez is a citizen of and domiciled in the State of Colorado as demonstrated by the enclosed photocopy of his Commercial Driver's License that was issued by the State of Colorado and lists Mr. Martinez's address as 6500 88th Avenue, #185, Henderson Colorado 80640. (Exhibit H, Photocopy of Tracey Martinez State of Colorado Commercial Driver's License.). Finally, Plaintiff in her Complaint alleges Mr. Martinez is an individual residing in the City of Henderson, State of Colorado. (Ex. A. ¶ 10.) (*See* FN 1.)

### *Amount in Controversy*

17.     The amount in controversy exceeds $75,000. In her Complaint and Civil Cover Sheet, Plaintiff seeks economic and non-economic damages from Defendants in an amount exceeding $100,000.[3] (Ex. A & Ex. B.)

---

[2]For purposes of diversity, a corporation is deemed to be citizen of every state by which it has been incorporated and of the state where it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

[3]Colorado Civil Cover Sheet is a paper under 28 U.S.C. § 1446(b) for which the amount of controversy can be ascertained to exceed the federal diversity threshold of $75,000 giving defendant notice that suit is removable, thereby triggering the 30-day period for timely removal. *Paros Properties, LLC., v. Colorado Casualty Ins. Co.,* 835 F.3d 1264, 1273 (10th Cir. 2016); *Henderson v. Target Stores,* 431 F. Supp. 2d 1143, 1144 – 45 (D. Colo. 2006).

18. Moreover, prior to the initiation of this lawsuit, Plaintiff provided a settlement demand of $1,000,000. (Ex. C.)

19. Based on the amount sought in the Complaint, Civil Cover Sheet, and pre-suit settlement demands, it is clear that Plaintiff seeks damages exceeding $75,000.

### *Procedural Requirements*

20. Defendants' Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(c). Plaintiff served the Complaint on Midwest Express, Inc. and Mr. Martinez on September 12, 2022 (*see* Exs. D & E), and this Notice of Removal is filed within 30 days of that date.

21. Pursuant to 28 U.S.C. § 1446(a), copies of all processes, pleadings, and orders served upon the Defendants in the state court action are attached, including the Complaint (Ex. A); Civil Case Cover Sheet (Ex. B); Affidavit of Service – Midwest Express, Inc. (Ex. D); Affidavit of Service – Tracey Martinez (Ex. E); District Court Civil Summons – Midwest Express, Inc. (Ex, I); District Court Civil Summons – Tracey Martinez (Ex. J); Delay Reduction Order (Ex. K); Pre-trial Order and Discovery Protocol (Ex. L); WebEx Procedures (Ex. M ); Answer – Tracey Martinez (Ex. N); and Answer – Midwest Express, Inc. (Ex. O).

22. Pursuant to 28 U.S.C. § 1446(d), the undersigned hereby certifies that this Notice of Removal has been filed with the Clerk of the Court for the Denver County District Court and served on Plaintiff's counsel. *See* Exhibit P, Notice of Filing of Notice of Removal.

23. Pursuant to D.C.COLO.LCIVR 81.1, a copy of the register of actions in the state court action is attached as Exhibit Q. There are no pending motions, petitions, or related responses, replies, or briefs in the state court action, and no hearings are scheduled.

24. By filing this Notice of Removal, Defendants do not waive any defense that may be available to them.

WHEREAS, Defendants Midwest Express, Inc. and Tracey Martinez request that the above action now pending against them in the District Court for Denver County be removed to this Court.

Dated this October 3, 2022.                    Respectfully submitted,

*s/Tyler D. Olson*
Seth A. Rider, Esq.
Tyler D. Olson, Esq.
Morgan Rider Riter Tsai, P.C.
1512 Larimer Street, Suite 450
Denver, CO 80202
Phone: (303) 623-1832
Fax: (303) 623-1833
Email: srider@morganrider.com
tolson@morganrider.com

ATTORNEYS FOR DEFENDANTS

CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing was duly served October 3, 2022 to each of the following:

| | |
|---|---|
| Jeremy Rosenthal | ( ) via U.S. Mail |
| Law Firm of Jeremy Rosenthal | ( ) via Electronic Mail |
| 4100 E. Mississippi Ave., Floor 19 | ( ) via Facsimile |
| Denver, CO 80246 | ( ) via Overnight Mail |
| *Counsel for Plaintiff* | (x) via CM/ECF System |

               *s/ Imelda Andrade*