| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br>1437 Bannock Street, Room 256<br>Denver, CO 80202 | DATE FILED: September 7, 2022 1:32 PM<br>FILING ID: 1F71FEA78B5EC<br>CASE NUMBER: 2022CV32573 |
| Plaintiff: CYNTHIA GUERRERO<br><br>v.<br><br>Defendants: TRACEY MARTINEZ and MIDWEST EXPRESS, INC. | ▲ COURT USE ONLY ▲ |
| Jeremy Rosenthal<br>Law Firm of Jeremy Rosenthal<br>4100 E. Mississippi Ave., Floor 19<br>Denver, Colorado 80246<br>Phone: (303) 825-2223<br>Email: jeremy@lfojr.com<br>Reg. No.: 34538<br>**Attorney for Plaintiff** | Case Number: 2022CV<br><br>Div.:       Ctrm.: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff, through his counsel, Jeremy Rosenthal of Law Firm of Jeremy Rosenthal, for his Complaint against the above-named Defendants, states as follows:

## I. NATURE OF THE ACTION

1. This negligence case arises out of a motor vehicle collision occurring on or about November 14, 2020, on Colorado State Highway 287 wherein Defendant TRACEY MARTINEZ, while operating a motor vehicle owned by Defendant MIDWEST EXPRESS, INC., failed to comply with the required rules, regulations, and duties applicable to him as a commercial vehicle driver.

2. The accident occurred when Defendant TRACEY MARTINEZ collided with the rear of Plaintiff's vehicle while it was lawfully stopped and pulled over onto the side of the road, waiting for a hazardous condition caused by a dust storm to pass and return visibility to the roadway.

3. The collision resulting from Defendant TRACEY MARTINEZ'S conduct caused personal injuries to Plaintiff CYNTHIA GUERRERO.

4. The Plaintiff seeks compensatory damages arising from injuries that were proximately caused by the Defendants' negligence.

**EXHIBIT A**

## II. JURISDICTION AND VENUE

5. Venue is proper in DENVER County, Colorado, pursuant to Colo. R. Civ. P. 98(c) because at least one of the named Defendants is a resident of DENVER County, Colorado.

6. This Court has jurisdiction over the parties named herein because Defendants are residents and citizens of the State of Colorado and/or routinely and regularly conduct business in this State.

7. Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiffs' peers.

## III. COMMON ALLEGATIONS OF FACT

8. Plaintiff incorporates by reference all allegations made above.

9. CYNTHIA GUERRERO is an individual residing in the city of San Antonio, County of Bexar, State of Texas.

10. Defendant TRACEY MARTINEZ is an individual residing in the City of Henderson, County of Adams, State of Colorado. Defendant TRACEY MARTINEZ may be served at his place of residence at 6500 E 88th Ave, Apt. 185 Henderson, Colorado 80640, or wherever he may be found.

11. Defendant MIDWEST EXPRESS, INC. is a domestic corporation, doing business in the State of Colorado and may be served with process through their registered agent, Raymond L. Polcyn, located at 5140 Race Ct. Unit #4 Denver, Colorado 80216, or wherever he may be found.

12. At the time of the collision made the basis for this suit, Defendant TRACEY MARTINEZ was operating a commercial motor vehicle within the course and scope of his employment with Defendant MIDWEST EXPRESS, INC.

13. On or about November 14, 2020, Defendant TRACEY MARTINEZ was driving a tractor-trailer owned by Defendant MIDWEST EXPRESS, INC. southbound on Colorado State Highway 287.

14. At the time and place, Plaintiff was driving a tractor-trailer southbound on Colorado State Highway 287 some distance in front of Defendant MARTINEZ.

15. At the time and place, a dust storm was passing over the roadway, reducing visibility drastically, creating a hazardous condition for which Plaintiff pulled off to the side of the road to await for visibility to return.

**EXHIBIT A**

16. After Plaintiff had pulled over and discontinued the operation of her vehicle, but before the dust storm had abated, Defendant MARTINEZ approached still operating his tractor-trailer and rear-ended Plaintiff's vehicle.

17. Both vehicles continued on the shoulder, coming to a rest on the roadway.

18. Such collision caused personal injuries to Plaintiff CYNTHIA GUERRERO.

19. As a result of the collision, Plaintiff suffered and will continue to suffer traumatic injuries, damages, and losses as described below.

## FIRST CLAIM FOR RELIEF
### (Negligence vs. Tracey Martinez)

20. Plaintiff incorporates by reference as if set forth fully herein all allegations set forth above as if set forth verbatim.

21. Defendant owed a duty to other motorists, including Plaintiff, to exercise ordinary care when operating a commercial vehicle.

22. Defendant TRACEY MARTINEZ operated his commercial vehicle in a negligent manner because he violated the duty which he owed Plaintiff to exercise ordinary care in the operation of the commercial vehicle in one or more of the following respects:
   a. in failing to timely apply the brakes in an effort to avoid the collision in question;
   b. in failing to drive defensively to avoid the collision;
   c. in failing to make safe decisions while driving;
   d. in driving his vehicle in willful or wanton disregard for the safety of persons and/or property, including Plaintiff, in violation of C.R.S. 42-4-1401 and 42-4-1402;
   e. in failing to control his speed, in violation of C.R.S. 42-4-1101;
   f. in violation of numerous provisions of the Colorado Revised Statutes and the Federal Motor Safety Carrier Act;
   g. in failing to keep an assured clear distance between his vehicle and Plaintiff's vehicle;
   h. In failing to maintain an assured safe distance between his vehicle and the Plaintiff's vehicle, which constitutes common law negligence and negligence per se as it is in violation of
   i. in failing to maintain a proper lookout, which constitutes common law negligence and negligence per se as it is in violation of; and
   j. in failing to exercise extreme caution and/or discontinue operating his commercial motor vehicle in the presence of a hazardous condition in violation of 49 CFR § 392.14.

23. Defendant TRACEY MARTINEZ'S actions also constitute *negligence per se*, as a result of violations of the above provisions of the Colorado Transportation Code.

24. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se which proximately caused the collision and injuries and other losses to Plaintiff, all of which Plaintiff suffered and will continue to suffer in the future, if not for the remainder of her natural life.

## SECOND CLAIM FOR RELIEF
### (Negligence vs. Midwest Express, Inc.)

25. The allegations set forth above are incorporated herein by reference.

26. At the time of the occurrence of the act in question and immediately prior thereto, Defendant TRACEY MARTINEZ was driving a commercial vehicle in furtherance of the business of Defendant MIDWEST EXPRESS, INC.

27. At the time of the occurrence of the act in question and immediately prior thereto, Defendant TRACEY MARTINEZ was engaged in the furtherance of Defendant MIDWEST EXPRESS, INC.'S business and/or was in the course and scope of his employment with it.

28. Plaintiff invokes the doctrine of *respondeat superior* against Defendant MIDWEST EXPRESS, INC. Defendants are liable under the doctrine of *respondeat superior* in that Defendant TRACEY MARTINEZ was operating a vehicle in the course and scope of his employment with Defendant MIDWEST EXPRESS, INC.

29. Defendant MIDWEST EXPRESS, INC. is also negligent in one or more of the following respects:
    a. Negligent hiring of its driver;
    b. Negligent training;
    c. Negligent supervision;
    d. Negligent retention;
    e. Negligent entrustment of Defendant's MIDWEST EXPRESS, INC. vehicle to Defendant TRACEY MARTINEZ;
    f. Defendant MIDWEST EXPRESS, INC. failed to properly maintain the vehicle involved in the incident;
    g. Defendant MIDWEST EXPRESS, INC. failed to adequately inspect the vehicle to prevent collisions by its employees;
    h. Defendant MIDWEST EXPRESS, INC. failed to implement adequate safety programs for the prevention of collisions by its employees in violation of motor carrier fleet industry standards; and
    i. Defendants failed to have an adequate safety program in place to ensure that an effective ongoing monitoring and training of its drivers occurred.

**EXHIBIT A**

30.     As described herein, Defendant MIDWEST EXPRESS, INC. was negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

31.     Each of these acts and/or omissions whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and malice, which proximately caused the collision and injuries and other losses to Plaintiff, all of which Plaintiff suffered.

## DAMAGES

32.     As a direct and proximate result of the collision and the negligent conduct of Defendants, Plaintiff suffered severe and permanent bodily injuries to her head, neck, back, shoulder, chest, and body generally. The injuries have had a serious effect on the Plaintiff's health and well-being. These specific injuries and their ill effects have, in turn, caused Plaintiff's physical and mental condition to deteriorate generally and the specific injuries and ill effects have and will, in reasonable probability, cause her to suffer consequences and ill effects of this deterioration throughout Plaintiff's body in the future, if not for the balance of her natural life. Plaintiff has also suffered great physical and mental pain, suffering and anguish and, in reasonable probability, will continue to suffer in this manner in the future, if not for the balance of her natural life.

33.     Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has been caused to incur the following damages:
   a.  Reasonable medical care and expenses in the past. Plaintiff incurred these expenses for the necessary care and treatment of her injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the locality where they were incurred;
   b.  Reasonable and necessary medical care and expenses, which will, in all reasonable probability, be incurred in the future;
   c.  Physical pain and suffering in the past;
   d.  Physical pain and suffering, which will, in all reasonable probability, be suffered in the future;
   e.  Physical impairment in the past;
   f.  Physical impairment, which will, in all reasonable probability, be suffered in the future;
   g.  Lost wages in the past;
   h.  Loss of earning capacity, which will, in all reasonable probability be incurred in the future;
   i.  Mental anguish in the past;
   j.  Mental anguish which will, in all reasonable probability be suffered in the future;
   k.  Fear of future disease or condition;
   l.  Disfigurement;

      m.     Cost of medical monitoring and prevention in the future;
      n.     loss of household services.

34. Each of the aforesaid acts and omissions, taken singularly or in combination, constitutes negligence and/or negligence per se and was a proximate cause of injuries and damages to the Plaintiff. Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court.

## INTEREST

35. Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## DEMAND FOR JURY TRIAL

36. Plaintiff demands a trial by jury. Plaintiff acknowledges payment this date of the required jury fee.

## PRAYER

WHEREFORE, Plaintiff respectfully requests Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants:
1. Jointly and severally, for all damages as alleged, in an amount within the jurisdictional limits of this Court;
2. Together with pre- and post-judgment interest
3. Costs of court; and
4. Such other and further relief to which the Plaintiff may be entitled at law or in equity.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL IN THIS MATTER**

Respectfully submitted this 7th day of September, 2022,

**LAW FIRM OF JEREMY ROSENTHAL**

By: *Jeremy Rosenthal*
     **JEREMY ROSENTHAL**

**EXHIBIT A**